<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

     [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
                United States Court of Appeals
                    For the First Circuit

No. 98-1713

                         UNITED STATES,

                           Appellee,

                               v.

                      LUIS MORO-HERNANDEZ,

                     Defendant, Appellant.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

        [Hon. Daniel R. Domnguez, U.S. District Judge]

                             Before

                     Stahl, Circuit Judge,
                Coffin, Senior Circuit Judge,
                  and Lipez, Circuit Judge.
                                
                                

    Edgar R. Vega Pabon on brief for appellant.
    Guillermo Gil, United States Attorney, Jose A. Quiles-
Espinosa, Senior Litigation Counsel, and Camille Velez-Rive,
Assistant United States Attorney, on brief for appellee.

October 19, 1998

                                
                                

                                         Per Curiam.  Upon careful review of the briefs and
   record, we conclude that the district court properly
   interpreted U.S.S.G.  4A1.1(d) in calculating defendant's
   criminal history category.   
             Defendant's prior diversionary disposition was
   properly "counted as a sentence" under  4A1.2(f).  It follows
   that the diversionary disposition was "a sentence countable
   under  4A1.2."  Therefore the diversionary disposition was a
   "criminal justice sentence" for purposes of  4A1.1(d),
   application note 4.  We find no merit in defendant's argument
   that the plain words of the application note should be read
   otherwise.  And because the instant offense was committed while
   defendant was under that diversionary disposition, the district
   court properly applied  4A1.1(d) to add two points to
   defendant's criminal history score.
             Affirmed.  See 1st Cir. Loc. R. 27.1.

</body>

</html>